UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the matter of:** <br><br><br> **MOTION TO QUASH SUBPOENA TO NON-PARTY JOURNALIST CARL PRINE** | No. 1:22-mc-109-RDM |

**MOVANT CARL PRINE'S STARUS REPORT**

Pursuant to the Court's December 20, 2022 Minute Entry, Movant Carl Prine, by and through his undersigned counsel, provides the following status report:

1.  On August 29, Prine, a non-party journalist, was served with a subpoena that sought his appearance at a remote deposition in Hamilton County, Indiana, where he resides. *See generally* ECF No. 1. The subpoena was issued by Respondent Steven E. Shaw, who sought testimony from Prine in connection with a defamation claim by Shaw against Timothy Parlatore in a case pending before this Court captioned *Shaw v. Del Toro, et al.*, Civil Action No. 20-cv-410 (the "Shaw Case"). *Id.*

2.  On September 21, 2022, Prine initiated this action in the United States District Court for the Southern District of Indiana to quash the subpoena on the grounds that compliance would subject him to undue burden, Fed. R. Civ. P. 45(3)(A)(iv); ECF No. 1-1 at 1, 8–12; ECF No. 9 at 6–10, and require him to disclose privileged or otherwise protected matter—specifically, matter protected by a statutory, constitutional, or common law privilege against compelled disclosure of certain journalistic work product, including certain reporter-source communications, ECF No. 1-1 at 2, 15–18; ECF No. 9 at 11–13. In the alternative, Prine sought

the entry of a protective order under Rule 26(c) limiting the scope of any discovery to a specific conversation identified by Shaw in his response to Prine's motion.  ECF No. 1 at 21; ECF No. 9 at 14.

3. On October 20, 2022, after the motion to quash was fully briefed, *see* ECF Nos. 1-1, 8, 9, the matter was transferred to this Court pursuant to Fed. R. Civ. P. 45(f).  ECF Nos. 10, 11.

4. Counsel for Prine and counsel for Shaw presented argument to this Court during a hearing on December 20, 2022 (the "Motion Hearing"), at which Parlatore, who is proceeding pro se in the Shaw Case, also appeared.[1]

5. During the Motion Hearing, this Court held that state law, as opposed to federal law, governed the application of privilege asserted by Prine.  Motion Hearing Tr. 9:3–6.  Given that holding, the parties agreed that the substantive law of the District of Columbia controlled the application of privilege.  Motion Hearing Tr. 8:23–9:11.

6. In addition, during the Motion Hearing, Parlatore represented to the Court that although he included Prine's name in his initial disclosures as a person who may hold discoverable information relevant to his defenses in the Shaw Case, Parlatore does not intend to call Prine as a witness or to rely on his testimony.  Motion Hearing Tr. 29:15–18.

7. The Court granted Prine's motion to quash in part.  Motion Hearing Tr. 37:1–13.

8. The Court asked that undersigned counsel discuss with Prine whether he does or does not have relevant information regarding only the following question—and if he does, whether he is prepared to provide it in a written statement.  Motion Hearing Tr. 38:5–25.  The question posed by the Court for Prine's consideration was: "Whether Mr. Prine told Mr.

---

[1] Relevant portions of the transcript of the Motion Hearing are attached to this status report.

Parlatore that, according to Mr. Shaw, the notes that [Mr. Shaw] obtained came from the [Field Naval Aviator Evaluation Board ('FNAEB')]." Motion Hearing Tr. 26:10–15, 28:8–17, 37:22–25, 38:12–25.

9. Prine maintains that any information within his personal knowledge is not relevant to the Shaw Case and is protected from compelled disclosure including pursuant to the D.C. Shield Law, D.C. Code §§ 16-4701–16-4704. ECF No. 9 at 8 ("[T]here is no support in Shaw's Response Brief [] that Prine knew how Shaw obtained Nesbitt's notebook. . . . [I]f Prine, a journalist, were given copies of Nesbitt's notebook, he would be *seeking*, not *disclosing*, information."); *see also* ECF No. 1-1 at 11.

10. That said, Prine is able to answer the question that was posed by the Court at the Motion Hearing and is prepared to do so voluntarily in the form of a written declaration under penalty of perjury if:

   a. Prine's doing so will not be deemed a waiver of any applicable privilege or protection from compelled testimony provided by the D.C. Shield Law, D.C. Code §§ 16-4701–16-4704, the Federal Rules of Civil Procedure, or the law of any jurisdiction; and

   b. If Prine's answer to the question posed by the Court is 'no' (*i.e.*, if Prine avers under penalty of perjury that he did not "tell Mr. Parlatore that, according to Mr. Shaw, the notes that [Mr. Shaw] obtained came from the [Field Naval Aviator Evaluation Board ('FNAEB')]") than Prine's motion to quash the subpoena will be granted in full, and, for good cause shown, any further discovery from Prine in the Shaw Case foreclosed pursuant to Rule 26(c)(1)(A).

11. Prine therefore respectfully requests that the Court enter the proposed order submitted as an attachment to this status report.

Dated: January 5, 2023

/s/ *Katie Townsend*
Katie Townsend

DC Bar No. 1026115
Email: ktownsend@rcfp.org
Lin Weeks
DC Bar No. 1686071
Email: lweeks@rcfp.org
REPORTERS COMMITTEE FOR
    FREEDOM OF THE PRESS
1156 15th St. NW, Ste. 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202)795-9310

*Counsel for Movant Carl Prine*